IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Mattox, | ) |
| Plaintiff, | ) No. CV 1:08-1265-FRZ |
| vs. | ) **ORDER** |
| E. Martinez, et al. | ) |
| Defendants. | ) |

Pending before the Court are several motions filed by Plaintiff.

Plaintiff has filed two motions (Doc. 28, 29) requesting the appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir.1994); *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304 (8th Cir. 1981); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). As to civil cases, the only general statutory authority pertaining to the appointment of counsel simply states that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, this statute does not authorize courts to require counsel to represent such litigants, but only to request representation on a *pro bono* basis. *See Mallard V. U.S. Dist. Court*, 490 U.S. 296, 305-05. An appointment of counsel may be designated under §1915(e)(1) only in "exceptional circumstances." *Wilborn v. Escaleron*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate

1  his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*,
2  718 F.2d 952, 954 (9th Cir. 1983).  Neither of these factors is dispositive and both must be
3  viewed together before reaching a decision of request of counsel under §1915(e)(1). *See id*.
4  A review of the record shows that Plaintiff has not demonstrated a likelihood of success on
5  the merits at this stage of the litigation.  In addition, upon review of the documents Plaintiff
6  has already filed in this case, Plaintiff appears capable of articulating his claims before the
7  Court.  Accordingly, this case does not present "exceptional circumstances" requiring the
8  appointment of counsel.  Plaintiff's motions for the appointment of counsel (Doc. 28, 29) are
9  **denied**.
10  　　　To the extent Plaintiff filed a document which the Clerk of the Court has entered into
11  the record as a "motion requesting the court to forward legal mail" (Doc. 33) to defense
12  counsel, it is denied as moot as the documents attached to the motion were scanned into the
13  CM/ECF docket and defense counsel should have received electronic notice and copies of
14  the documents in question.  In the "motion requesting the court to forward legal mail",
15  Plaintiff states that it includes the documents that are responsive to defense counsel's
16  discovery requests.  As such, Plaintiff's previous motion (Doc. 31) for an extension of time
17  to respond to Defendant's discovery requests appears moot as the discovery has been
18  provided and thus this motion is denied.  In any event, the motion is also denied on the
19  ground that it would conflict with the orderly deadlines set in the Court's Scheduling Order.
20  　　　Accordingly, as stated above, Plaintiff's motions (Doc. 28, 29, 30, 33) are denied.
21  　　　DATED this 2nd day of September, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　Frank R. Zapata
　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge